# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10984
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NARCISO AMADOR-VELASQUEZ,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-68-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:*

Narciso Amador-Velasquez pleaded guilty to one count of illegal reentry following deportation, in violation of 8 U.S.C. § 1326. The presentence investigation report calculated a sentencing range under the advisory Sentencing Guidelines of 21-27 months' imprisonment. It also noted a greater sentence would be warranted, to which Amador objected. In imposing a 42-month term of imprisonment, after considering the 18 U.S.C. § 3553(a)

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-10984

sentencing factors, the district court found Amador's "almost total lack of respect for the law of the United States makes him a serious and continuing threat to the peace and security of this country".

Amador challenges this sentence as substantively unreasonable because it overvalued the significance of his criminal history in concluding he posed that threat.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). As noted, Amador maintains only that his sentence is substantively unreasonable.

In doing so, Amador contends the court "aggrandized [his] criminal history and minimized his positive facts", which effectively is a request for this court to reweigh the sentencing factors. But, obviously, the sentencing court is in the best position to find facts and judge their import. *E.g., Gall*, 552 U.S. at 51. The district court sufficiently articulated its reasoning for the upward variance, and the resulting sentence is substantively reasonable. *See, e.g., United States v. Smith*, 440 F.3d 704, 708-09, 710 (5th Cir. 2006).

AFFIRMED.